**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| NORRIS WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:26-CV-350 |
| | § | |
| MCDERMOTT, LLC and | § | |
| LUTECH RESOURCES INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Before the court is Plaintiff Norris White's ("White") Motion to Remand (#3). Defendants McDermott, LLC and Lutech Resources, Inc. (together, "Defendants") filed a Response (#4) to which White filed a Reply (#5). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that White's motion should be GRANTED.

I. Background

On June 6, 2026, White filed his original petition in the 58th Judicial District Court of Jefferson County, Texas, asserting a claim for racial discrimination under the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.051 ("TCHRA"). On August 12, 2026, Defendants removed the case to federal court on the basis of federal question jurisdiction, contending that White alleges violations of federal law, specifically Title VII of the Civil Rights Act of 1964 ("Title VII"). On August 17, 2026, White filed a motion to remand the case, contending that his claim arises only under state law.

II. Analysis

"Federal courts . . . are courts of limited jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kewayfati v. Bondi*, 165 F.4th 342, 346 (5th Cir. 2026); *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019); *Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *accord Royal Canin U.S.A., Inc.*, 604 U.S. at 26. The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Gonzalez*, 926 F.3d at 188 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)); *see Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Royal Canin U.S.A., Inc.*, 604 U.S. at 38; *Atkins v. CB&I, L.L.C.*, 991 F.3d 667, 669 n.1 (5th Cir. 2021); *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020).

A. Removal and Remand

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018); *see* 14C CHARLES ALAN

WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3739 (Rev. 4th ed. 2026). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Ledet v. Bd. of Tr. of Transit Mgmt. of Se. Ret. Income Plan*, No. 22-3697, 2022 WL 17581716, at *1 (E.D. La. Dec. 12, 2022) (quoting *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008)); *accord Leboeuf v. Hatle*, No. 20-105, 2020 WL 1074952, at *1 (E.D. La. Mar. 6, 2020); *Hernandez v. State Farm Lloyds*, No. DR-16-CV-164-AM/CW, 2017 WL 8131570, at *2 (W.D. Tex. Sept. 19, 2017). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021); *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)), *aff'd*, 607 U.S. 421 (2026); *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024); *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020). In short, any "doubts regarding whether removal jurisdiction is proper

should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)); *accord Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

B. Federal Question Jurisdiction

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014).

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc.*, 482 U.S. at 392); *accord Royal Canin U.S.A., Inc.*, 604 U.S. at 26; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Davila*, 542 U.S. at 207; *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017).

"[A] complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States." *Howery*, 243 F.3d at 917 (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). In determining whether a complaint states a claim that arises under federal law, "the

court must look only to 'what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 942 (5th Cir. 2013) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). Furthermore, the right created by federal law "must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Howery*, 243 F.3d at 917 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)); *see Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011).

C. Defendants' Arguments

In response to White's motion to remand, Defendants argue that White's petition raises federal question jurisdiction because: (1) White filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which he references in his petition; (2) the petition raises substantive portions of Title VII; (3) the petition exclusively relies on federal law; and (4) the petition is ambiguous. The court disagrees.

1. EEOC Charge

First, Defendants argue that White asserted a federal cause of action by referencing a discrimination charge he filed with the EEOC. This, however, is insufficient to "transform [White's] petition into one asserting a federal claim." *Rodriguez v. Conagra Foods, Inc.*, No. 4:02-CV-752-A, 2002 WL 31548746, at *2 (N.D. Tex. Nov. 12, 2002). Courts in this circuit have "uniformly declined . . . to find that a reference to an EEOC discrimination charge state[s] a federal cause of action where the state court petition did not attach and incorporate the EEOC

charge by reference." *Ripoll v. RBC Cap. Markets, LLC*, No. CV H-20-1193, 2020 WL 5819851, at *4 (S.D. Tex. Sept. 30, 2020) (citing *Garrett v. S. Newspapers, Inc.*, No. CV H-18-2578, 2018 WL 4352914, at *2 (S.D. Tex. Sept. 12, 2018); *Williamson v. Pay & Save, Inc.*, 205 F. Supp. 3d 863, 867 (W.D. Tex. 2015)).

White's reference to his EEOC charge is "consistent with his position that he has only asserted a state law discrimination claim." *Cantwell v. Great Lakes Dredge & Dock Co., LLC*, No. 4:25-CV-3355, 2025 WL 4656223, at *3 (S.D. Tex. Oct. 21, 2025), *adopted by* No. 4:25-CV-03355, 2026 WL 738625 (S.D. Tex. Mar. 16, 2026). In cases where a plaintiff attaches or otherwise fully incorporates his EEOC charge into the petition, federal question jurisdiction may arise. *See Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("[B]ecause [the plaintiff] attached and fully incorporated the Charge into his complaint, it became a part of his complaint for all purposes."). These references alone, however, do not automatically create federal question jurisdiction. *Cantwell,* 2025 WL 4656223, at *3; *see Williamson*, 205 F. Supp. 3d at 867 ("[T]he fact that Plaintiff relied on her Charge to prove that she exhausted her administrative remedies does not create federal question jurisdiction." (citing *Rodriguez*, 2002 WL 31548746, at *2)). Instead, a pleading can reference an EEOC charge to prove the plaintiff exhausted his state administrative remedies, which is consistent with pleading a TCHRA discrimination claim, without creating federal question jurisdiction. *Cantwell*, 2025 WL 4656223, at *3; *see also Bunker v. Dow Chem. Co.*, 111 F.4th 683, 686 (5th Cir. 2024).

Here, based on the context, it is reasonable to conclude that White referred to the EEOC charge to show he exhausted his state administrative remedies. Further, White did not attach or otherwise fully incorporate the charge into the petition. *Contrast Cantwell*, 2025 WL 4656223,

at *3, *with Davoodi*, 755 F.3d at 310. Therefore, White's mere reference to the EEOC charge does not give rise to a federal cause of action and does not create federal question jurisdiction.

2. <u>Title VII References</u>

Next, Defendants contend that removal was proper and the case should not be remanded because the petition invokes substantive portions of federal law in that White states that the TCHRA contains "[t]he same prohibition of race discrimination [ ] found in Title VII . . . ." The court finds that this, too, is insufficient to raise a claim under federal law. Again, the petition merely references Title VII, while White pleads his cause of action under state law.

A review of reported decisions reveals that federal courts have remanded discrimination actions "based on findings that the plaintiff elected to assert only state law claims, even when the complaints stated facts that would support a Title VII claim, contained more substantial references to Title VII than in the instant case and pled exhaustion of the administrative remedies necessary to bring a Title VII claim." *Manzella v. United Parcel Serv., Inc.*, No. CIV. A. 02-1800, 2002 WL 31040170, at *3 (E.D. La. Sept. 10, 2002); *see Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (the counts in the complaint alleging sexual harassment under state law also claimed that the described conduct occurred in violation of Title VII); *Mink v. Gen. Motors Corp.*, 72 F.3d 130, 1995 WL 723180, at *2-3 (6th Cir. Dec. 6, 1995) (plaintiff cited federal law in a general sense in his complaint alleging discrimination based on race, age, and handicap); *Derbes v. Louisiana*, No. CV 21-710-SDD-SDJ, 2022 WL 4838211, at *3 (M.D. La. Sept. 9, 2022) (finding that a petition with explicit references to Title VII does not assert federal causes of action), *adopted by* 2022 WL 4793052 (M.D. La. Sept. 30, 2022), *aff'd*, No. 22-30696, 2023 WL 4265757 (5th Cir. June 29, 2023); *Hardin v. Morgan Bldgs. & Spas, Inc.*, No. CIVA

SA-07-CA-388-FB, 2007 WL 2021775, at *2 (W.D. Tex. June 26, 2007) (finding despite referencing Title VII, the plaintiff alleged violations of the TCHRA only); *Addison v. Grillot Land & Marine, L.L.C.*, No. CIV. A. 02-01251, 2002 WL 1298761, at *2 (E.D. La. June 10, 2002) (plaintiff's complaint alleging racial discrimination in violation of Louisiana law states that he filed an EEOC complaint and that he "files this petition pursuant to this 'Right to Sue' authorization by the EEOC"). Hence, it is well settled that incidental references to a federal statute in a pleading "will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton*, 114 F.3d at 982 (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996)).

White's petition demonstrates that he sued Defendants only under state law. His pleading states that the TCHRA is the basis of this suit. The portion of White's petition outlining his cause of action alleges racial discrimination in violation of the TCHRA, a Texas state law. While White references "Title VII of the Civil Rights Act of 1964" and states that "[t]he same prohibition against race discrimination is found in Title VII," a mere reference to a federal law "will not convert a state law claim into a federal cause of action." *Easton*, 114 F.3d at 982. White simply points out the TCHRA's purpose—to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." TEX. LAB. CODE § 21.001. To do so does not create federal question jurisdiction.

3. Reliance on Federal Authorities

Defendants further contend that removal was proper because White "relies exclusively on federal authorities." This too is insufficient to create federal question jurisdiction in the context of the TCHRA. Claims that may be brought pursuant to the TCHRA are analogous to causes of

action also cognizable under federal law. *Culwell v. City of Fort Worth*, 468 F.3d 868, 873 n.3 (5th Cir. 2006); *Est. of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 912 (5th Cir. 2000); *De Santiago v. W. Tex. Cmty. Supervision & Corr. Dep't*, 203 S.W.3d 387, 391 (Tex. App.—El Paso 2006, no pet.); *Williams v. Vought*, 68 S.W.3d 102, 107 (Tex. App.—Dallas 2001, no pet.). The TCHRA "is modeled after federal law with the purpose of executing the policies set forth in Title VII of the federal Civil Rights Act of 1964." *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004); *see* TEX. LAB. CODE § 21.001(1); *Culwell*, 468 F.3d at 873 n.3; *Dias v. Goodman Mfg. Co.*, 214 S.W.3d 672, 677 (Tex. App.—Houston [14th Dist.] 2007, no pet.). In interpreting the TCHRA, courts "ordinarily look to federal precedents for interpretative guidance to meet the legislative mandate that the TCHRA is intended to 'provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments.'" *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 474 (Tex. 2001) (citing § 21.001(1)). Because reliance on federal authorities is commonplace when analyzing a TCHRA claim, it cannot be said that White's reliance on federal case law converts his state claim into a federal one.

4. Ambiguity in the Petition

Finally, Defendants contend that White's petition is ambiguous as to whether he seeks relief under the TCHRA or Title VII, so the case should not be remanded. Again, the court disagrees.

Defendants cite to *Woolever v. Taylor* to establish that where both state and federal law can provide a remedy a court may retain jurisdiction over a case if the plaintiff did not plead solely state law claims or otherwise make clear that he was forgoing federal claims. No. 2:05CV150–P–B, 2006 WL 1767847, at *2 (N.D. Miss. June 23, 2006). Defendants contend

that White did the same in his state court petition. In *Woolever*, the plaintiff generally asserted that his due process rights were violated. *Id.* at *1. He designated *no* state or federal law as the source of his cause of action. *Id.* Here, however, White's petition clearly designates his cause of action as arising under the TCHRA.[1] *Woolever* is thus distinguishable.

Further, as previously stated, removal raises federalism concerns; accordingly, removal is strictly and narrowly construed, with any doubt resolved in favor of remand. *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09; *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212. Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co.*, 741 F.3d at 537 (quoting *Acuna*, 200 F.3d at 339). Here, White pleaded only a state cause of action. If any doubt exists, however, that doubt should be resolved against removal.

III. <u>Conclusion</u>

Ultimately, Defendants' arguments that this case was properly removed fail because a reference to an EEOC charge, references to Title VII, and reliance on federal authorities are insufficient to establish federal question jurisdiction in the context of a TCHRA claim. The court finds that White's claim, as pleaded, arises solely under state law. Thus, because White's cause of action arises under state law and does not raise questions of federal law, this case was improperly removed.

Accordingly, White's motion for remand is GRANTED. This case is remanded to the 58th Judicial District Court of Jefferson County, Texas.

---

[1] White's petition states that Defendants acted in "violation of the [TCHRA]," that "the complaint culminates in this legal action for violations of the [TCHRA], and that the cause of action is "Race Discrimination Pursuant to [the THCRA]."

SIGNED at Beaumont, Texas, this 19th day of October, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE